IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSEMARIE MCMULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| BOYS AND GIRLS CLUBS ) | |
| OF DELAWARE, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Rosemarie McMullen, (hereinafter "Plaintiff" or "McMullen") brings this action under the Delaware Discrimination in Employment Act, as amended for employment discrimination, 19 Del. C. §710, *et seq.* and the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq.* (Title VII") and specifically as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k) (the "PDA"). Plaintiff seeks back pay, front pay, compensatory and punitive damages and costs and attorneys' fees from Defendant, Boys and Girls Club of Delaware, Inc. (hereinafter "Defendant"). Plaintiff further seeks compensation for Defendant's unlawful discrimination against her because of her pregnancy.

### JURISDICTION AND VENUE

2. This action is brought pursuant to the Delaware Discrimination in Employment Act and the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction exists by virtue of 19 Del. C. § 714(a), as well as, 42 U.S.C. §2000e *et seq.* (Title VII), and specifically amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (the "PDA"). Equitable and other relief are also sought under 19 Del. C. §715. An additional jurisdictional basis for Plaintiff's state law claims exists under the principles of pendent and supplemental jurisdiction and 28 U.S.C. §1367.

## PARTIES

3. Plaintiff was employed by the Boys and Girls Clubs of Delaware from March 1, 2000 through April 19, 2005. At all times relevant to the complaint the Plaintiff resided in New Castle County Delaware.

4. Defendant does business and is incorporated in the State of Delaware. Service of process upon the Boys and Girls Clubs of Delaware, Inc. can be made by serving the Boys & Girls Clubs of Delaware, Inc. at 669 South Union Street, Wilmington, Delaware 19806.

## CONDITIONS PRECEDENT

5. Plaintiff has fulfilled all conditions precedent to the institution of this action under 19 Del. C. § 710, *et seq.* and 42 U.S.C. § 2000e. On March 10, 2005, she timely filed charges with the Delaware Department of Labor and the Equal Employment Opportunity Commission. A true and correct copy of the June 14, 2006 Right to Sue letter is attached hereto and incorporated herein by reference as Exhibit "A".

## FACTUAL BACKGROUND

6. Plaintiff began her employment with Defendant on or about February 28, 2000. Plaintiff was hired full-time at the Jennie Smith Boys and Girls Club, School-Site Childcare Program. Thereafter, Plaintiff became a Program Director for the Brick Mill location in New Castle County in August 2004. At all relevant times, Plaintiff worked for Defendant as a Program Director for the Brick Mill location.

7. On or about September 27, 2004, Plaintiff, who was almost four months pregnant, requested FMLA paperwork from Defendant because of the pregnancy. Thereafter, Plaintiff had her doctor, Dr. Helen McCullough, complete the FMLA forms and Plaintiff returned the forms to Joel Riley (hereinafter "Riley") in Human Resources on or about September 30, 2004. The FMLA forms indicated that Plaintiff was almost four months pregnant and that she would be out

of work from date of delivery until approximately 6-8 weeks post partum barring any complications.

8. On or about October. 18, 2004, Plaintiff's doctor issued a note which stated, "advisable for her [Plaintiff] not to work any overtime." Plaintiff provided this doctor's note to Marianne Olmstead (hereinafter "Olmstead"), Plaintiff's supervisor and School Site Supervisor, and Riley. In spite of the issuance of this medical documentation, Olmstead instructed Plaintiff to continue performing extra duties requiring Plaintiff to work overtime.

9. On or about January 31, 2005, Plaintiff went into work with contractions and worked her entire shift. Since Plaintiff was having so many contractions which were two (2) minutes apart, Plaintiff decided that she should give all of the work that she was currently responsible for to her supervisor, Olmstead, who worked in the main office in Wilmington. Plaintiff gave Olmstead the petty cash for food, the blue binder concerning site information, Plaintiff's desk keys, phone, resumes, and other items.

10. Plaintiff drove herself to the Christiana Hospital after her shift. The Hospital provided Plaintiff with a doctor's note instructing her not to return to work until February 3, 2005. Plaintiff provided this doctor's note to Olmstead and Riley.

11. In or around January 2005, Defendant was looking to hire a new assistant director because Amy Shepherd (hereinafter "Shepherd") had officially given two weeks' notice that she was resigning. Once Shepherd told Olmstead she was pregnant, Olmstead advised Shepherd that she was no longer needed.

12. On or about February 3, 2005, Plaintiff returned to work and learned that Olmstead had scheduled ice skating and bowling field trips for the children at the Boys and Girls Clubs, Inc.

13. Plaintiff expressed to Olmstead her concern that she should not be alone with the children during field trips for ice skating and bowling because Plaintiff was eight (8) months

pregnant and having complications with her pregnancy. Plaintiff was not able to participate in such physical activity.

14. Plaintiff, genuinely concerned about the safety of the children, as well as the desires of the children's parents, suggested to Olmstead that another employee take the children on the field trip or, in the alternative, that another employee assist Plaintiff with the children during the field trip. Olmstead denied Plaintiff's requests. Instead, Olmstead instructed Plaintiff not to return to work until she produced a doctor's note indicating exactly what Plaintiff could and could not do while at work.

15. On or about February 10, 2005, Plaintiff received an additional medical note from her doctor indicating that she should stay out of work "until she reached the 36-week mark for the safety and welfare of her child" which would have been February 21, 2005.

16. Plaintiff contacted Olmstead on or about February 10, 2005 to advise that she was not able to return to work until February 21, 2005 and also that Plaintiff's part-time employee, Melissa McCafferty, wanted to resign. Olmstead responded, "You all just need to tell me if you want to work or not."

17. On or about February 11, 2005, Plaintiff faxed the additional medical documentation to Riley in Human Resources and to Olmstead.

18. On or about February 14, 2005 at around 3 p.m., Olmstead called Plaintiff and advised her that under the circumstances and due to the length of time Plaintiff would be unable to work, Defendant has decided to replace Plaintiff. Plaintiff was in complete shock. Plaintiff responded, "Okay, can I call you back?"

19. Approximately an hour later, Plaintiff contacted Olmstead and asked her why Olmstead was, "doing this to me" and "what does this mean for my job?" Olmstead told Plaintiff that when Plaintiff returned to work she would be "a sub" and float from site to site whenever they needed Plaintiff. Olmstead also advised Plaintiff that Defendant was just "looking out" for

Plaintiff since she was going to be a new mom. Plaintiff responded, "How was that helping me?" Plaintiff also stated that she intended to contact George Kurpanski, (hereinafter "Kurpanski"), CEO of the Boys & Girls Club of Delaware to discuss the matter.

20. Shortly thereafter, Plaintiff contacted Kurpanski and left a message. Kurpanski returned Plaintiff's call at approximately 6:00 or 7:00 p.m. on February 14, 2005. Plaintiff explained to him her situation and that she could not believe after six (6) years of dedication to the Boys and Girls Clubs of Delaware she was being treated this way. Kurpanski advised that he would look into the situation and call Plaintiff back.

21. As of the date of filing this Complaint, Plaintiff has not received a return call from Kurpanski.

22. On the evening of February 14, 2005, Plaintiff went into labor. Plaintiff's daughter was born the next day approximately five (5) weeks early. Plaintiff's original due date was March 19, 2005. However, due to her premature delivery, Plaintiff's daughter did not pass her hearing test and was placed in Neonatal Intensive Care Unit. Additionally, the baby's sugar level dropped very low and she had a low body temperature.

23. On or about February 16, 2005, Plaintiff contacted Riley and spoke with his secretary, Robin.

24. On or about March 29, 2005, Plaintiff received a letter in the mail from Olmstead. The letter included a job description for the position of School Site Child Care Director of Boys and Girls Club of Delaware, Inc. Olmstead explained in the letter that once Plaintiff was released by her physician to return to work, her assignment would be as a "Program Director for the South Dover and Booker T. Washington Elementary School Site Child Care programs in Kent County and the Woodbridge School Site Child Care Summer program in Sussex County."

25. Defendant did not reassign Plaintiff to the same terms and conditions of her employment that she had prior to her maternity leave.

5

26. Plaintiff's job title prior to her medical leave of absence was that of a Program Director at the Brick Mill location in New Castle County. After her pregnancy leave, however, Olmstead advised Plaintiff that she would be a School Site Child Care Director for three different locations in Kent and Sussex Counties.

27. As Program Director for the Brick Mill location, Plaintiff was not required to implement youth programs; rather, Plaintiff planned the programs. In addition, Plaintiff did not develop lesson plans, complete paperwork for petty cash nor was she responsible for food shopping for the program. All of the aforementioned tasks were completed by Shepherd when Plaintiff served as Program Director. However, all of these responsibilities are included as job responsibilities for a Site Director, the position to which Plaintiff was reassigned.

28. As Program Director for the Brick Mill location, Plaintiff had an Assistant Director who assisted her in managing the program.

29. As Site Director for the locations in Kent and Sussex counties, Plaintiff would no longer have an Assistant Director because these locations, in March 2005, had 30 or less children.

30. As Site Director for the locations in Kent and Sussex counties, Plaintiff was required to work as Site Director for three separate programs in two different counties in the State of Delaware: the South Dover and Booker T. Washington Elementary School Site Child Care programs in Kent County and the Woodbridge School Site Child Care Summer Program in Sussex County. Before the reassignment, Plaintiff was responsible for only one site located in New Castle County.

31. Plaintiff was forced to resign from her employment with Defendant. On or about April 5, 2005, Plaintiff sent a memo of resignation effective April 19, 2005 to Kurpanski and copied Maria Hazzard, Olmstead and Riley.

32. On or about April 18, 2005, Plaintiff had her exit interview with Ellen McLaine (hereinafter "McLaine"). During her exit interview with McLaine, Plaintiff explained the allegations set forth in this Complaint. Plaintiff also expressed to McLaine that she wished to continue working with Defendant. However, she was extremely disappointed with how the Defendant handled her pregnancy. Plaintiff advised McLaine that she was disappointed and hurt because of Defendant's lack of appreciation for Plaintiff's years of dedication to the Boys and Girls Clubs of Delaware. Plaintiff explained that she spoke with Kurpanski about the situation but he did not even follow-up with Plaintiff by returning her phone call.

33. McLaine's response was that, "The programs had to continue to run." McLaine also told Plaintiff that she would tell "George" to give her a call.

34. Based on information and belief, other non-pregnant employees of Defendant have been placed on medical leaves of absences and/or approved Family Medical Leave status and were afforded the opportunity to return to the same terms and conditions of their employment once released to work regular duty.

35. Plaintiff's performance evaluations from July 19, 2002 and September 2003 through September 2004 indicate that Plaintiff consistently exceeded expectations as a Program Director.

**COUNT I**
*(Employment Discrimination in violation of 19 Del. C. § 710, et seq. and 42 U.S.C. § 2000e et seq.)*

36. The averments in foregoing paragraphs 1-35 of this Complaint are incorporated herein as though set forth in full.

37. The actions, inaction, practices and policies of Defendant and its agents, servants, employees and representatives described in the foregoing paragraphs of this Complaint constitute

unlawful and intentional discrimination against Plaintiff based on her pregnancy in direct violation of 19 Del. C. § 710, *et seq.* and 42 U.S.C. § 2000e.

38.  As a direct result of the unlawful actions, inactions, and practices of Defendant and its agent, servants, employees and representatives described in the foregoing paragraphs of this Complaint, Plaintiff has sustained (a) emotional distress and (b) loss of wages, raises, bonuses and benefits.

39.  As a direct result of the unlawful actions, inactions, and practices of Defendant and its agents, servants, employees and representatives described in the foregoing paragraphs of this Complaint, Plaintiff has been further required to incur and/or continues to incur (a) legal expenses and legal fees and (b) other miscellaneous costs.

## COUNT II
*(Constructive/Wrongful Discharge in Violation of Public Policy)*

40.  The averments in foregoing paragraphs 1-39 of this Complaint are incorporated herein as though set forth in full.

41.  Plaintiff was subjected to adverse employment by Defendant when it removed Plaintiff from her job because she became pregnant.

42.  As a result, Plaintiff was left with no other choice but to terminate her employment.

43.  Plaintiff's termination of her employment constitutes a constructive discharge in violation of the public policy of anti-discrimination.

## COUNT III
*(Breach of the Covenant of Good Faith and Fair Dealing)*

44.  The averments in foregoing paragraphs 1-43 of this Complaint are incorporated herein as though set forth in full.

45.  The actions of Defendant constitute a violation of the Covenant of Good Faith and Fair Dealing implicit in every employment agreement.

46. Defendant breached the Covenant of Good Faith and Fair Dealing to Plaintiff by constructively discharging Plaintiff when it removed her from her position because of her pregnancy.

47. Defendant's discrimination was willful, wanton, and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

48. The above-stated damages were not the result of any act or omission on the part of the Plaintiff.

WHEREFORE, Plaintiff, Rosemarie McMullen, respectfully requests this Court enter judgment against Defendant, in her favor for damages suffered by her, due to Defendant's actions, including, but not limited to, compensatory damages, punitive damages, attorneys' fees, the costs of this litigation, pre- and post-judgment interest, and such other further relief as this Court deems just and proper.

MARGOLIS EDELSTEIN

Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington (#4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 Telephone
(302) 777-4682 Facsimile
*Attorneys for Plaintiff Rosemarie McMullen*

Dated: September 12, 2006

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rosemarie McMullen

**DEFENDANTS**
Boys and Girls Clubs of Delaware, Inc.

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Jeffrey K. Martin, Esq., 1509 Gilpin Ave, Wilmington, DE 19806, Margolis Edelstein

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. §2000e et seq. (Title VII)

Brief description of cause: Discrimination because of Pregnancy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 9/12/06

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06 - 566 -

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____9/12/06____           ____Henry Bellingham____
(Date forms issued)        (Signature of Party or their Representative)

                           ____Henry Bellingham____
                           (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

EEOC Form 161 (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Rosemarie W. McMullen<br>1 Peeble Place<br>Newark, DE 19702 | From: Philadelphia District Office - 530<br>21 South 5th Street<br>Suite 400<br>Philadelphia, PA 19106 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2005-00352 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_（signature）_  June 14, 2006

Enclosure(s)                    District Director                    (Date Mailed)

cc: BOYS & GIRLS CLUB OF DELAWARE
669 N. Union Street
Wilmington, DE 19805