IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEMARIE MCMULLEN | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-566-JJF |
| BOYS AND GIRLS CLUBS OF DELAWARE, INC., | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

The defendant, Boys and Girls Clubs of Delaware, Inc., through its undersigned counsel, hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint on statute of limitations grounds. The reasons for defendant's motion are set forth in the opening brief being filed herewith. A form of order is attached for the Court's convenience.

BALICK & BALICK LLC

/s/ Adam Balick
Adam Balick (#2718)
Joanne Ceballos (#2854)
711 King Street
Wilmington, Delaware 19801
(302) 658-4265
Attorneys for Defendant
Boys and Girls Clubs of Delaware, Inc.

Dated: March 27, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEMARIE MCMULLEN | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-566-JJF |
| BOYS AND GIRLS CLUBS OF DELAWARE, INC., | : | |
| Defendant. | : | |

## ORDER DISMISSING THE COMPLAINT WITH PREJUDICE

AND NOW this _____ day of _____, 20___, the Court having considered the defendant's motion to dismiss the Complaint on statute of limitations grounds and the plaintiff's response thereto,

IT IS HEREBY ORDERED that the Complaint is dismissed with prejudice.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEMARIE MCMULLEN | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-566-JJF |
| BOYS AND GIRLS CLUBS OF DELAWARE, INC., | : | |
| Defendant. | : | |

**OPENING BRIEF IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

Adam Balick (#2718)
Joanne Ceballos (#2854)
BALICK & BALICK LLC
711 King Street
Wilmington, Delaware 19801
(302) 658-4265

Attorneys for Defendant
Boys and Girls Clubs of Delaware, Inc.

Dated: March 27, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................1

SUMMARY OF ARGUMENT ................................................................................1

STATEMENT OF FACTS .......................................................................................2

ARGUMENT

    I.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT
          WAS NOT FILED WITHIN THE 90 DAY PERIOD PRESCRIBED
          BY 42 U.S.C. §2000e-5(f)(1)............................................................3

CONCLUSION........................................................................................................3

EXHIBIT 1: May 31, 2006 Right to Sue Notice...........................................Attached

EXHIBIT 2: *Lee v. Alta Pacific Group* ........................................................Attached

EXHIBIT 3: *Kabacinski v. Bostrom Seating,, Inc.* ......................................Attached

# TABLE OF AUTHORITIES

## CASES

*Kabacinski v. Bostrom Seating, Inc.*,
    2004 U.S. App. LEXIS 5900 (3d Cir. March 30, 2004)..........................................3

*Lee v. Alta Pacific Group*,
    1993 U.S. App. LEXIS 7836 (9th Cir. March 23, 1993) ........................................3

## STATUTES

42 U.S.C. §2000e-5(f)(1)....................................................................................1, 3

## RULES

Fed.R.Civ.P. 12(b)(6)................................................................................................ 1

## NATURE AND STAGE OF THE PROCEEDINGS

The plaintiff, Rosemarie McMullen ("McMullen"), filed her complaint against the defendant, Boys and Girls Clubs of Delaware, Inc. ("BGC"), on September 12, 2006, alleging employment discrimination (Count I), constructive discharge (Count II), and breach of the implied covenant of good faith and fair dealing (Count III), by BGC, her former employer. Due to a miscommunication with its insurance company, BGC was not represented by counsel until after McMullen's counsel had filed a motion for default judgment. When contacted by BGC's counsel, McMullen's counsel agreed to withdraw plaintiff's motion for default judgment and allow BGC until March 27, 2007 to answer, move or otherwise respond to the Complaint. BGC moves to dismiss the complaint pursuant to Rule 12(b)(6) because it was not filed within the 90 day statute of limitations period set forth in 42 *U.S.C.* §2000e-5(f)(1). This is BGC's opening brief in support of its motion to dismiss.

## SUMMARY OF ARGUMENT

A complaint alleging employment discrimination must be filed within 90 days of the charging party's receipt of a "right to sue" notice from the Equal Employment Opportunity Commission ("EEOC"). In this case, the EEOC issued two right to sue notices to McMullen on the same charge, one dated May 31, 2006, and another dated June 14, 2006. While the complaint was filed within 90 days of McMullen's receipt of the second right to sue notice, it was not filed within 90 days of McMullen's presumptive receipt of the first right to sue notice. The issuance of the first right to sue notice triggered the 90 day limitations period of 42 *U.S.C.* §2000e-5(f)(1). Because McMullen did not file her complaint within the 90 day limitations period, it should be dismissed.

## STATEMENT OF FACTS

For purposes of this motion to dismiss, the Court may accept the factual allegations of the complaint as true.[1] As stated in the complaint, McMullen was employed in BGC's School-Site Childcare Program from February 2000 until her resignation in April 2005 (Complaint ¶¶ 6, 31). McMullen alleges she was "forced" to resign because BGC did not allow her to return from maternity leave to a position with the same title and responsibilities as those she had before her leave (*Id.* ¶¶ 25-31). McMullen claims BGC discriminated against her on the basis of her pregnancy because employees of BGC who took leave for reasons other than pregnancy were permitted to return to employment at BGC on the same terms and conditions as those prior to their leave (*Id.* ¶ 34).

All three counts of the complaint are based on BGC's alleged discriminatory treatment of McMullen. Count I alleges employment discrimination under 19 *Del. C.* §710 and 42 *U.S.C.* §2000e, Count II alleges constructive discharge in violation of the public policy of anti-discrimination (*Id.* ¶ 43), and Count III alleges BGC breached the implied covenant of good faith and fair dealing by constructively discharging McMullen because of her pregnancy (*Id.* ¶ 46).

The complaint states the legal conclusion that McMullen fulfilled all conditions precedent to the institution of her lawsuit by timely filing charges with the Delaware Department of Labor and the EEOC on March 10, 2005 (*Id.* ¶¶ 1, 5). Appended to the Complaint is a right to sue notice from the EEOC dated June 14, 2006 (*Id.* Ex. A). The EEOC, however, had previously issued a right to sue notice on May 31, 2006 (attached

---

[1] BGC does not concede the truth of the factual allegations of the complaint but does not dispute them for purposes of this motion only.

2

hereto as Exhibit 1). The Complaint was filed on September 12, 2006, within 90 days of the date McMullen would have received the second right to sue notice, but more than 90 days from the date she would have received the first notice.

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT WAS NOT FILED WITHIN THE 90 DAY PERIOD PRESCRIBED BY 42 *U.S.C.* §2000e-5(f)(1).**

An employment discrimination complaint must be filed within 90 days of the charging party's receipt of a right to sue notice. 42 *U.S.C.* §2000e-5(f)(1). When the EEOC issues more than one right to sue notice on the same charge, the limitations period commences upon receipt of the first notice. *Lee v. Alta Pacific Group*, 1993 U.S. App. LEXIS 7836 (9th Cir. March 23, 1993)(attached hereto as Exhibit 2). A charging party is presumed to receive a right to sue notice within three days of the date it is mailed. *Kabacinski v. Bostrom Seating, Inc.*, 2004 U.S. App. LEXIS 5900, **9 (3d Cir. March 30, 2004)(attached hereto as Exhibit 3)(Rule 6(e) of the Federal Rules of Civil Procedure adds three days mailing time to the prescribed period whenever a statutory period begins on receipt or service of notice). In this case, the EEOC's first right to sue notice, dated May 31, 2006, was presumptively received by McMullen on or before June 3, 2006. The 90 day period thus expired on September 1, 2006. Because the complaint was not filed until September 12, 2006, it should be dismissed as untimely.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant BCG respectfully requests that the Court dismiss the complaint with prejudice.

3

BALICK & BALICK LLC


_/s/ Joanne Ceballos_
Adam Balick (#2718)
Joanne Ceballos (#2854)
711 King Street
Wilmington, Delaware 19801
(302) 658-4265
Attorneys for Defendant
Boys and Girls Clubs of Delaware, Inc.

Dated: March 27, 2007

4

# EXHIBIT 1

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Rosemarie W. McMullen
1 Peeble Place
Newark, DE 19702

From: Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2005-00352 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_/s/ Marie M. Tomasso_      May 31, 2006
Marie M. Tomasso, District Director     *(Date Mailed)*

Enclosure(s)

cc: BOYS & GIRLS CLUB OF DELAWARE
669 N. Union Street
Wilmington, DE 19805

# EXHIBIT 2

LEXSEE

AARON B. LEE, Plaintiff-Appellant, v. ALTA PACIFIC GROUP, Defendant-Appellee.

No. 92-35588

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1993 U.S. App. LEXIS 7836

March 23, 1993, ** Submitted

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4.

April 7, 1993, Filed

**NOTICE:** [*1] THIS DISPOSITION IS NOT APPROPRIATE FOR PUBLICATION AND MAY NOT BE CITED TO OR BY THE COURTS OF THIS CIRCUIT EXCEPT AS PROVIDED BY THE 9TH CIR. R. 36-3.

**SUBSEQUENT HISTORY:** Reported as Table Case at: 990 F.2d 1258, 1993 U.S. App. LEXIS 13900.

**PRIOR HISTORY:** Appeal from the United States District Court for the Western District of Washington. D.C. No. CV-91-5276-RJB. Robert J. Bryan, District Judge, Presiding

**DISPOSITION:** AFFIRMED.

**JUDGES:** Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.

**OPINION:**

MEMORANDUM

Aaron B. Lee appeals pro se the district court's grant of summary judgment in favor of Alta Pacific Group, and the denial of his *Fed. R. Civ. P. 59* motion for reconsideration in his employment discrimination action under Title VII of Civil Rights Act of 1964, *42 U.S.C. § 2000e*, et seq. (Title VII) and *42 U.S.C. § 1981*. Lee contends that the district court erred by finding that his action was time-barred. We have jurisdiction under *28 U.S.C. § 1291*, and we affirm.

We review de novo a district court's grant of summary judgment. *Scholar v. Pacific Bell, 963 F.2d 264,* 266 *(9th Cir. 1992),* cert. denied, *113 S. Ct. 196 (1992).* [*2] Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. *Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir. 1989).* We review for abuse of discretion a district court's denial of a motion for reconsideration. *Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991).*

A Title VII action must be "filed within ninety days from the issuance of the right to sue letter by the EEOC." *Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 (9th Cir. 1986)* (citing *42 U.S.C. § 2000e-5(f)(1)*), amended on other grounds, *815 F.2d 570 (9th Cir. 1987).* The ninety-day limitation is treated as a statute of limitations subject to equitable tolling principles. *Valenzuela, 801 F.2d at 1174.*

Equitable relief has been allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, [*3] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Veterans Administration, 111 S. Ct. 453, 458 (1990)* (footnote omitted). Nonetheless, we have declined to invoke the doctrine of equitable tolling "when a late filing is due to the claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar, 963 F.2d at 268* (quoting *Irwin, 111 S. Ct. at 458).*

The relevant facts are undisputed. In March 1990, Lee, a black male, filed a complaint with the EEOC alleging that he was not considered for employment with the Alta Pacific Group because of his race. On March

20, 1991, Lee received a right-to-sue letter from the EEOC. On April 5, 1991, Lee received a second right-to-sue letter from the EEOC. The two letters were identical except for the dates. On July 2, 1991, Lee filed this action in district court. The court found the action untimely because it was not filed within ninety days of the first right-to-sue letter. The court further found that equitable tolling was inapplicable because [*4] (1) there was no evidence that Alta Pacific Group attempted to trick Lee, and (2) Lee failed to exercise due diligence.

Lee contends that second right-to-sue-letter superseded the first letter, thereby extending the time to file the suit. Alternatively, Lee contends that the EEOC misled him by issuing the second right-to-sue letter, and therefore he is entitled to equitable tolling. We disagree.

The second right-to-sue-letter was without effect as there was no indication that the EEOC intended to revoke its first right-to-sue letter. See *Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440-41 (9th Cir. 1984)* (per curiam) (30-day limitations period triggered by first right-to-sue letter despite EEOC's issuance of a second right-to-sue letter "in absence of any indication that the Commission intended to withdraw its earlier decision and revoke its first right-to-sue letter"). Lee is not entitled to equitable tolling because he failed to show that Alta Pacific Group tricked or misled him into missing the filing deadline or that he exercised due diligence in preserving his legal rights. See *Irwin, 111 S. Ct. at 458;* [*5] *Scholar, 963 F.2d at 268.*

The district court therefore properly granted summary judgment in favor of Alta Pacific group. *Scholar, 963 F.2d at 268.* Similarly, the district court did not abuse its discretion by denying the motion for reconsideration because Lee did not present any arguments which the court had not previously considered and rejected. See *Fuller, 950 F.2d at 1442.* n1

> n1 Lee contends for the first time on appeal that the district court erred by dismissing his *42 U.S.C. § 1981* claim under the procedures and time limitations of Title VII. We do not address this contention because Lee did not raise it before the district court. See *Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir. 1991).*

**AFFIRMED.**

# EXHIBIT 3

LEXSEE


Analysis
As of: Mar 27, 2007

MICHAEL J. KABACINSKI, Appellant v. BOSTROM SEATING, INC.

No. 03-1986

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

98 Fed. Appx. 78; 2004 U.S. App. LEXIS 5900

February 24, 2004, Submitted Under Third Circuit Lar 34.1(a)
March 30, 2004, Filed

**NOTICE:** [**1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. D.C. Civil No. 02-cv-08910. District Judge: The Honorable Franklin S. VanAntwerpen. *Kabacinski v. Bostrom Seating, Inc., 2003 U.S. Dist. LEXIS 4684 (E.D. Pa., Mar. 7, 2003)*

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule*
[HN1] Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a "final" order for purposes of appeal under *28 U.S.C.S. § 1291*. The general rule is that an appellate court lacks appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed without prejudice.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*

[HN2] The decision to deny a motion for reconsideration is within the discretion of the district court, but if the court's denial was based upon the interpretation and application of a legal precept, review is plenary. That having been said, the standard a party must meet to succeed on a motion for reconsideration is quite high.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN3] The United States Court of Appeals for the Third Circuit holds that purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Motion Practice > Opposing Memoranda*
*Civil Procedure > Dismissals > General Overview*
[HN4] Under U.S. Dist. Ct., E.D. Pa., Civ. R. 7. 1(c), a plaintiff has 14 days after service of a motion to dismiss to serve his brief in opposition, unless the court directs otherwise.

*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
[HN5] U.S. Dist. Ct., E.D. Pa., Civ. R. 7.1(c) states that in the absence of timely response, a motion may be granted as uncontested.

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN6] Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule.

*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > General Overview*
*Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview*
[HN7] Fed. R. Civ. P. 6(e) states that whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Fed. R. Civ. P. 5(b)(2)(B), (C), or (D), three days shall be added to the prescribed period.

*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > General Overview*
[HN8] Fed. R. Civ. P. 6(e) adds a rebuttable presumption of three days' mailing time to be added to a prescribed period whenever a statutory period begins on receipt or service of notice. However, Rule 6(e) does not apply to deadlines imposed by, or following, a court order.

*Civil Procedure > Venue > Multiparty Litigation*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
[HN9] See *42 U.S.C.S. § 2000e-5(f)(3)*.

*Labor & Employment Law > Employment Relationships > At-Will Employment > Employers*

[HN10] With regard to an employment action under Pennsylvania law, 43 Pa. Const. Stat. § 954(b) states that the term "employer" includes any person employing four or more persons within the Commonwealth.

**COUNSEL:** For MICHAEL J. KABACINSKI, Appellant: Donald P. Russo, Bethlehem, PA.

For BOSTROM SEATING INC, Appellee: Sean M. Hart, Heimbach, Spitki & Heckman, Allentown, PA.

**JUDGES:** Before: RENDELL, BARRY, and ROSENN, Circuit Judges.

**OPINION BY:** BARRY

**OPINION:** [*80] BARRY, Circuit Judge

We are asked to review the March 7, 2003 order of the United States District Court for the Eastern District of Pennsylvania denying plaintiff's motion to reconsider that Court's February 13, 2003 order granting the defendant's motion to have its motion to dismiss deemed unopposed. We will affirm.

I.

The parties are familiar with the facts of this case, and, thus, we will provide but a brief summary of those facts at the outset.

Appellant Michael J. Kabacinski was employed by Bostrom Seating's, Inc. ("Bostrom"), a Delaware corporation with its principal place of business [**2] in Alabama, in Bostrom's facility in Allentown, PA. Bostrom closed its Allentown facility in early 2000, leaving only one salesperson employed in Pennsylvania. Shortly before the closing, Bostrom offered Kabacinski a temporary position in its North Carolina facility, which Kabacinski accepted. In September 2000, however, Bostrom laid Kabacinski off as part of a company-wide elimination of positions.

Kabacinski commenced an employment discrimination action by filing a Charge of Discrimination with the EEOC in October 2000. The EEOC issued a "no cause" letter on October 31, 2001. Kabacinski filed an Writ of Summons on January 24, 2002 (later amended on November 4, 2002) in Pennsylvania state court against Bostrom, alleging violations of the Age Discrimination in Employment Act ("ADEA"), *29 U.S.C. § 621 et seq.*, the Americans with Disabilities Act ("ADA"), *42 U.S.C. § 12101 et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), *43 PA. CONS. STAT. §§ 955 and 962*. Bostrom removed the case to the U.S. District Court for the Eastern District of Pennsylvania on December 18, 2002, and on January 6, 2003 moved [**3] to dismiss under *FED. R. CIV. P. 12(b)(6) and 12(b)(3)* based on

improper venue and because it was not an "employer," as that term is defined in the PHRA. Bostrom shortly thereafter amended its motion, noting that it did still employ one salesperson in Pennsylvania. Before his response was due, Kabacinski requested an extension of time until February 10, 2003 to file opposition to the motion. The District Court granted the stipulated-to extension, but stated in its order that no further extensions would be permitted.

Kabacinski did not file his opposition on February 10, but claims that his counsel's assistant mailed it on that day. On February 12, Bostrom moved to have its motion to dismiss deemed unopposed. On February 13, Kabacinski's opposition to the motion to dismiss was filed. That same day, the Court granted Bostrom's motion to have its motion to dismiss deemed unopposed, and granted the motion to dismiss, dismissing Kabacinski's PHRA claim with prejudice, and his ADEA and ADA claims without prejudice to his right to refile them in the appropriate United States District Court in Alabama. Both decisions [**4] were memorialized in one order filed on February 14.

On February 24, 2003, Kabacinski moved for reconsideration of that part of the February 14th order which granted Bostrom's motion to have its motion to dismiss deemed unopposed, n1 arguing that [*81] by virtue of *FED. R. CIV. P. 6(e)* ("Rule 6(e)") and Local Rule of Civil Procedure 7.1(c) ("Local Rule 7.1(c)"), the filing of his opposition papers was timely. On March 7, 2003, the District Court denied the motion to reconsider. Kabacinski appeals that order.

n1 While Kabacinski's motion is entitled only as a motion to reconsider the Court's granting of this motion, given his request that the Court "reinstate Plaintiff's Complaint," we will assume that he intended that the Court reconsider its dismissal of his complaint as well.

II.

Bostrom argues that we do not have appellate jurisdiction under *28 U.S.C. § 1291* because the District Court's order, which dismissed Kabacinski's ADEA and ADA claims [**5] without prejudice to his right to refile them in Alabama, is not final. [HN1] "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under *28 U.S.C. § 1291*." *Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999)*; see also *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438-40 (3d Cir. 2003)* (general rule that "we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed without prejudice") (citing *Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193, 201 (3d Cir. 2000))*. The District Court's order, however, although it dismissed the federal claims without prejudice, ended the proceedings once and for all in the U.S. District Court for the Eastern District of Pennsylvania. The order, therefore, was final, and we have jurisdiction over Kabacinski's appeal.

Turning to the merits, [HN2] "the decision to deny a Motion for Reconsideration is within the discretion of the District Court, but 'if the court's denial [**6] was based upon the interpretation and application of a legal precept, review is plenary.'" *Le v. Univ. of Pa., 321 F.3d 403, 405-06 (3d Cir. 2003)* (quoting *Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985))*. That having been said, the standard a party must meet to succeed on a motion for reconsideration is quite high:

[HN3]

The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)*. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See *North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)*.

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)*. [**7]

There is no allegation by Kabacinski that the controlling law has changed. Furthermore, Kabacinski's argument that his affidavit in support of his motion for reconsideration constitutes new evidence, even if correct, does not warrant reconsideration of the Court's February 13 order. n2 Thus, Kabacinski must show that the District Court's decision to grant Bostrom's [*82] motion was a clear error of law and/or resulted in manifest injustice. The District Court concluded that Kabacinski did not do so. We agree.

n2 Kabacinski's affidavit is accompanied by a certificate of service, signed by his counsel, indicating that his brief in opposition to Bostrom's motion to dismiss was filed on February 10, 2003 by first class mail. This evidence is only relevant if Kabacinski is entitled to a three day extension under *Rule 6(e)*. As we explain below, *Rule 6(e)* does not apply.

Kabacinski's arguments with respect to both *Rule 6(e)* and Local *Rule 7.1(c)* are unpersuasive. [HN4] Under *Local Rule 7.1(c)*, he had fourteen days after service [**8] of Bostrom's motion to dismiss to serve his brief in opposition, "unless the Court directs otherwise." *E.D. PA. R. CIV. P. 7.1(c)*. That is exactly what happened here: Kabacinski had until fourteen days after Bostrom's amended motion to dismiss was served on January 17, 2003, but then the Court extended that deadline, pursuant to the parties' stipulation, to February 10, 2003. If Kabacinski missed this new deadline, Local *Rule 7.1(c)* gave the District Court the power to grant Bostrom's motion as uncontested. See *E.D. PA. R. CIV. P. 7.1(c)* [HN5] ("[i] n the absence of timely response, the motion may be granted as uncontested"). n3

n3 We recently noted the District Court's power to impose even harsh penalties for violation of local rules. See *United States v. Eleven Vehicles, Their Equipment & Accessories, 200 F.3d 203, 214 (3d Cir. 2000)* ([HN6] "Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets ... it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule").

[**9]

Kabacinski argues that he did not miss the deadline because under *Rule 6(e)* he enjoyed a three day extension beyond the Court-ordered deadline given that Bostrom's motion to dismiss was served on him by mail. *Rule 6(e)* [HN7] states that "[w] henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under *Rule 5(b)(2)(B), (C), or (D)*, 3 days shall be added to the prescribed period."

We have recognized that *Rule 6(e)* "[HN8] adds a rebuttable presumption of three days' mailing time to be added to a prescribed period whenever a statutory period begins on receipt or service of notice." *Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108, n. 5 (3d Cir. 2003)*. The District Court was correct, however, that *Rule 6(e)* does not apply to deadlines imposed by, or following, a court order. See *Albright v. Virtue, 273 F.3d 564, 571 (3d Cir. 2001)* ("' *Rule 6(e)* does not apply to time periods that begin with the filing in court of a judgment or order. '") (quoting with approval 1 JAMES MOORE ET AL., MOORE'S FEDERAL [**10] PRACTICE § 6.053[3], at 6-35 (3d ed. 1998)). n4

n4 Kabacinski also argues that, under Local *Rule 7.1(c)*, he should have been given fourteen days to respond to Bostrom's motion to have its motion to dismiss deemed unopposed (his response was served by mail on February 16, 2003, after the District Court had granted the motion). Because Local *Rule 7.1(c)* does not require a motion to grant another motion as uncontested, we see no basis for the argument that he was entitled to fourteen days to respond. In any event, any error by the District Court in acting too soon was harmless because Kabacinski clearly missed the Court-ordered deadline to respond to Bostrom's motion to dismiss. Kabacinski argues, as well, that the District Court could have extended the deadline by three days under *FED. R. CIV. P. 6(b)*. Even if the Court "could have" extended the deadline, it had already done so on January 24 upon the agreement of the parties, and specifically stated that no other extensions would be granted.

[**11]

Finally, even if Kabacinski's opposition to Bostrom's motion to dismiss was filed in a timely manner, Bostrom's motion would surely have been granted. As the District Court noted, venue for the ADA claim was improper in the Eastern [*83] District of Pennsylvania because Bostrom closed its Pennsylvania facility before plaintiff filed this action, its employment records were in Alabama, and Kabacinski had accepted Bolstrom's offer of a temporary position at its facility in North Carolina. See *42 U.S.C. § 2000-e-5(f)(3)* ([HN9] "Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice"). Moreover, because Bostrom no longer operated a facility in Pennsylvania, and it employed, at most, one salesperson in the state, it was not an "employer" within the meaning of the PHRA. See *43 PA. CONS. STAT. § 954(b)* [HN10] ("the

term 'employer' [**12] includes ... any person employing four or more persons within the Commonwealth").

The order of the District Court dated February 13, 2003 will be affirmed.