IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEMARIE MCMULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 06-566-JJF |
| v. | ) | |
| | ) | |
| BOYS AND GIRLS CLUBS | ) | |
| OF DELAWARE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Lori A. Brewington (#4522)
MARGOLIS EDELSTEIN
750 South Madison Street
Suite 102
Wilmington, Delaware 19801
(302) 777-4680

Attorney for Plaintiff,
Rosemarie McMullen

Dated: April 16, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………ii

NATURE AND STAGE OF PROCEEDINGS…………………………………………………1

SUMMARY OF ARGUMENT………………………………………………………………1-2

STATEMENT OF FACTS…………………………………………………………………..3-4

ARGUMENT

    I.    THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF NEVER RECEIVED THE RIGHT TO SUE NOTICE ISSUED BY THE EEOC ON MAY 31, 2006. PLAINTIFF DID, HOWEVER, RECEIVE THE RIGHT TO SUE NOTICE ISSUED BY THE EEOC ON JUNE 14, 2006 AND SHE FILED HER COMPLAINT WITHIN THE 90 DAY PERIOD PRESCRIBED BY 42 U.S.C. §2000e-5(f)(1)……………………………………………………………..4-5

CONCLUSION………………………………………………………………………………….5

EXHIBIT A: Affidavit of Rosemarie McMullen……………………………………….Attached

EXHIBIT B: June 5, 2006 Letter to EEOC requesting Right to Sue Notice……………..Attached

EXHIBIT C: June 14, 2006 Right to Sue Notice……………………………………….Attached

## TABLE OF AUTHORITIES

### CASES

Lafate v. Hospital Billing Collections Services, LTD.,
  2004 U.S. Dist. LEXIS 17592 (D. Del. September 1, 2004)..........................................4

### STATUTES

42 U.S.C. §2000e-5(f)(1)..........................................................................................4

### RULES

Fed.R.Civ.P 12(b)(6)................................................................................................ 4

## NATURE AND STAGE OF THE PROCEEDINGS

The Plaintiff, Rosemarie McMullen ("Plaintiff" or "Ms. McMullen"), filed her complaint against Defendant, Boys and Girls Clubs of Delaware, Inc. ("Defendant" or "BGC"), on September 12, 2006, alleging employment discrimination (Count I), constructive discharge (Count II), and breach of the implied covenant of good faith and fair dealing (Count III), by BGC, her former employer. Due to inaction in this case, the Court issued a Rule 41.1 Order (D.I. 4) requiring Plaintiff to show cause why this matter should not be dismissed. Shortly thereafter, Plaintiff responded to the Court's Order by filing a letter (D.I. 6) explaining the status of the case and a Motion for Default Judgment (D.I. 5). The Court found Plaintiff's response sufficient to satisfy the Court that this matter should not be dismissed for lack of activity and retired the Court's Order to show cause. When contacted by Defendant's counsel, Plaintiff's counsel agreed to withdraw her Motion for Default Judgment and allow BGC until March 27, 2007 to Answer, or otherwise respond to the Complaint. BGC moved to dismiss the Complaint pursuant to Rule 12(b)(6) alleging that Plaintiff's Complaint was not filed with the 90 day statute of limitations period set forth in 42 U.S.C. §2000e-5(f)(1). BGC filed its Opening Brief in support of its Motion to Dismiss on March 27, 2007.

This is Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss.

## SUMMARY OF ARGUMENT

A complaint alleging employment discrimination must be filed within 90 days of the charging party's receipt of a right to sue notice from the Equal Employment Opportunity Commission ("EEOC"). Apparently, the EEOC issued two right to sue notices on the same charge, one dated May 31, 2006, which indicated that the EEOC "has adopted the findings of the

1

state or local fair employment practices agency that investigated this charge", and another dated June 14, 2006, which indicated that the EEOC was closing its file for "Other" reasons. It is undisputed that Plaintiff's Complaint was properly filed within 90 days of Plaintiff's receipt of the June 14, 2006 right to sue notice.

Defendant contends that Plaintiff failed to file her Complaint within 90 days of her presumptive receipt of the May 31, 2006 right to sue notice. However, presuming receipt is only applied when a plaintiff offers no evidence in support of the bare assertion that he or she did not receive notice. In the instant case, Plaintiff never received the May 31, 2006 right to sue notice because in April of 2005, Plaintiff moved from the address listed on the EEOC's "right to sue" notice and changed her address to 29 White Rabbit Drive in Smyrna, Delaware. Therefore, this Court should not grant Defendant's Motion to Dismiss because Plaintiff properly filed her Complaint within 90 days of her receipt of the June 14, 2006 notice which was the only right to sue notice she received on this charge.

## STATEMENT OF FACTS

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. As stated in the Complaint, Plaintiff was employed in the BGC's School-Site Childcare Program from February 2000 until her employment ended in April 2005 (Complaint ¶¶ 6, 31). Plaintiff was forced to resign because BGC did not allow her to return from maternity leave with the same terms and conditions of her employment as other non-pregnant employees who took leaves of absences were allowed to do (Id. ¶¶ 25-31, ¶34).

All three counts of the Complaint are based on BGC's alleged discriminatory treatment of McMullen. Count I alleges employment discrimination under 19 *Del. C.* § 710 and 42 U.S.C. §2000(e), Count II alleges constructive discharge in violation of the public policy of anti-discrimination (Id. ¶ 43), and Count III alleges BGC breached the implied covenant of good faith and fair dealing when it removed her from her position because of her pregnancy (Id. ¶ 46).

Apparently, the EEOC issued a right to sue notice on May 31, 2006 (Def's Ex. 1). Previously, on April 9, 2005, Plaintiff moved to 29 White Rabbit Drive in Smyrna, Delaware. Id. At that time, she instructed the U.S. Post Office to forward all her mail to the address in Smyrna, Delaware. Id. However, Plaintiff never received the May 31, 2006 right to sue notice (Ex. A). Because Plaintiff had not yet received a federal right to sue notice, on June 5, 2006, Plaintiff, by and through her counsel, sent a letter to the EEOC requesting a federal right to sue notice. (Ex. B). Appended to the Complaint is the right to sue notice from the EEOC dated June 14, 2006 that Plaintiff received in response to her letter of June 5, 2006 (Ex. C). The Complaint alleges that she fulfilled all conditions precedent to the institution of this action under 19 *Del. C.* § 710, *et. seq.* and 42 U.S.C. § 2000e (Id. ¶5). The Complaint was filed on September 12, 2006, within 90

3

days of the date that Plaintiff received the June 14, 2006 right to sue notice which is the only right to sue notice she received.

## ARGUMENT

I. **THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF NEVER RECEIVED THE RIGHT TO SUE NOTICE ISSUED BY THE EEOC ON MAY 31, 2006. PLAINTIFF DID, HOWEVER, RECEIVE THE RIGHT TO SUE NOTICE ISSUED BY THE EEOC ON JUNE 14, 2006 AND SHE FILED HER COMPLAINT WITHIN THE 90 DAY PERIOD PRESCRIBED BY 42 U.S.C. §2000e-5(f)(1).**

A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. Lafate v. Hospital Billing & Collections Service, LTD., 2004 U.S. Dist. LEXIS 17592 (D. Del. September 1, 2004). Defendant's Motion to Dismiss relies on caselaw which states that "a charging party is presumed to receive a right to sue notice within three days of the date it is mailed"(Def's Mem. at 3). However, it is when a plaintiff offers no evidence in support of the bare assertion that she did not receive notice, that Rule 6(e), presuming receipt, must be applied. Id. at *5.

In the instant case, Plaintiff has offered sufficient evidence that she never received the May 31, 2006 right to sue notice because she was no longer living at the address where the May 31, 2006 right to sue letter was apparently sent (Ex. A). Further, on June 5, 2006, after the alleged receipt of the May 31, 2006 right to sue notice, Plaintiff's counsel sent a letter to the EEOC requesting a right to sue notice (Ex. B). Thereafter, Plaintiff's counsel received the June 14, 2006 right to sue notice and properly filed suit within the 90 day period prescribed by 42 U.S.C. §2000e-5(f)(1) (Ex. C).

BGC has moved for a Rule 12(b)(6) dismissal, and therefore the Court must accept as true Plaintiff's allegation in the Complaint that she "has fulfilled all conditions precedent to the institution of this action under 19 Del. C. § 710, et seq. and 42 U.S.C. § 2000e." Accordingly,

4

the Court should not conclude that Plaintiff had notice of the May 31, 2006 right to sue notice and that she failed to file the instant lawsuit until after the limitations period had expired.

## CONCLUSION

WHERFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Complaint.

MARGOLIS EDELSTEIN

_____
Lori A. Brewington (#4522)
750 South Madison Street
Suite 102
Wilmington, Delaware 19801
(302) 777-4680
Attorney for Plaintiff,
Rosemarie McMullen

Dated: April 16, 2007

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSEMARIE MCMULLEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-566(JJF) |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| BOYS AND GIRLS CLUBS OF | : | |
| DELAWARE, INC. | : | |
| | : | |
| Defendant. | : | |

### AFFIDAVIT OF ROSEMARIE MCMULLEN

I, Rosemarie McMullen, being duly sworn according to law, hereby depose and say as follows:

1. I am the Plaintiff in the above-captioned matter.

2. My previous address was 1 *Pebble* Place in Newark, Delaware.

3. On April 9, 2005, I moved to 29 White Rabbit Drive in Smyrna, Delaware 19977. At that time, I instructed the U.S. Postal Office to forward all my mail to 29 White Rabbit Drive in Smyrna, Delaware.

4. I never received the Right to Sue Notice allegedly issued by the EEOC on May 31, 2006.

5. As of May 31, 2006, I was no longer living at 1 *Pebble* Place in Newark Delaware. Further, the address listed on the EEOC's Right to Sue Notice is incorrect. The EEOC's Right to Sue Notice of May 31, 2006 indicates that my address is "1 *Peeble* Place" not "1 *Pebble* Place".

6. On June 5, 2006, by and through my attorneys, I sent a letter to the EEOC requesting a Federal Right to Sue Notice because I had not yet receive it.

7. On June 14, 2006, by and through my attorneys, I received a copy of the Federal Right to Sue Notice issued by the EEOC on June 14, 2006.

_____
Rosemarie McMullen

SWORN TO AND SUBSCRIBED before this 11th day of April, 2007.

_____
Notary Public

[Notary Seal: LORI A. BREWINGTON, NOTARIAL OFFICER, STATE OF DELAWARE, 29 DEL. C. § 4323(a)(3)]

**EXHIBIT B**



ATTORNEYS AT LAW
www.margolisedelstein.com

**DELAWARE OFFICE:**
1509 GILPIN AVENUE
WILMINGTON, DE 19806
302-777-4680
FAX 302-777-4682

LORI A. BREWINGTON, ESQUIRE
lbrewington@margolisedelstein.com

**PHILADELPHIA OFFICE:**\*
THE CURTIS CENTER, 4TH FLOOR
601 WALNUT STREET
INDEPENDENCE SQUARE WEST
PHILADELPHIA, PA 19106-3304
215-922-1100
FAX 215-922-1772

**HARRISBURG OFFICE:**\*
3510 TRINDLE ROAD
CAMP HILL, PA 17011
717-975-8114
FAX 717-975-8124

**PITTSBURGH OFFICE:**
310 GRANT STREET
THE GRANT BUILDING, SUITE 1500
PITTSBURGH, PA 15219
412-281-4256
FAX 412-642-2380

**SCRANTON OFFICE:**
THE OPPENHEIM BUILDING
409 LACKAWANNA AVENUE
SUITE 3C
SCRANTON, PA 18503
570-342-4231
FAX 570-342-4841

**SOUTH NEW JERSEY OFFICE:**\*
SENTRY OFFICE PLAZA
216 HADDON AVENUE, 2ND FLOOR
P.O. BOX 92222
WESTMONT, NJ 08108
856-858-7200
FAX 856-858-1017

**NORTH NEW JERSEY OFFICE:**
CONNELL CORPORATE CENTER
THREE CONNELL DRIVE
SUITE 6200
BERKELEY HEIGHTS, NJ 07922
908-790-1401
FAX 908-790-1486

\* MEMBER OF THE HARMONIE GROUP

June 5, 2006

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

RE:   **McMullen v. Boys & Girls Club**
      **Case Number: 05050197W/17CA500352**

To Whom it May Concern:

I represent Ms. McMullen in her discrimination action against the Boys and Girls Club. Enclosed is a copy of Ms. McMullen's Delaware Right to Sue letter that was issued by the Delaware Department of Labor on March 30, 2006.

Please allow this letter to serve as Mrs. McMullen's request for a Federal Right to Sue Notice. If there are any questions or concerns, please do not hesitate to contact me. Thank you for your kind and prompt attention to this matter.

Very truly yours,

LORI A. BREWINGTON

cc: Rosemarie W. McMullen

Encl.

# EXHIBIT C

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

EEOC Form 161 (2/98)

## DISMISSAL AND NOTICE OF RIGHTS

To: Rosemarie W. McMullen
1 Peeble Place
Newark, DE 19702

From: Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2005-00352 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_signature_    June 14, 2006
District Director    (Date Mailed)

Enclosure(s)

cc: BOYS & GIRLS CLUB OF DELAWARE
669 N. Union Street
Wilmington, DE 19805

Case 1:06-cv-00566-JJF   Document 12-5   Filed 04/16/2007   Page 1 of 5

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 17592                Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 17592**

*2004 U.S. Dist. LEXIS 17592, **

TAS' SHEA S. LAFATE, Plaintiff, v. HOSPITAL BILLING & COLLECTIONS SERVICE, LTD., Defendant.

View the Full Docket from LexisNexis CourtLink for 1:03cv985
Civil Action No. 03-985 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 17592

September 1, 2004, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant former employer filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss an action filed by plaintiff former employee asserting a claim that the employer wrongfully discharged her from employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964.

**OVERVIEW:** The employer alleged that the complaint should have been dismissed because it was not filed within 90 days of the date the employee was presumed to have received the notice of right-to-sue from the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C.S. § 2000e-5(f)(1). The employee responded that, although she lived at the address listed on the notice of right-to-sue, she never received it. The employer contended that the court should have applied precedent providing that a party was presumed to have received a notice of right-to-sue three days after it was mailed by the EEOC. The court held that the cases relied on by the employer for the principle that courts presumed a plaintiff to have received his or her notice of right-to-sue from the EEOC did not compel dismissal where the employee had not had the opportunity to rebut the employer's assertion that she received her notice of right-to-sue from the EEOC. The court had to accept as true the employee's allegation that she never received a right-to-sue letter from the EEOC.

**OUTCOME:** The court denied the employer's motion to dismiss.

**CORE TERMS:** right-to-sue, notice, lawsuit, motion to dismiss, ninety, mailed, presume, summary judgment, charging party, rebut, limitation period, reasons discussed, presumed

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
HN1 ⇱ A motion to dismiss tests the legal sufficiency of the complaint. More Like This Headnote
| Shepardize: Restrict By Headnote

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Exhaustion of Remedies > General Overview
HN2 ⇱ In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must

Case 1:06-cv-00566-JJF    Document 12-5    Filed 04/16/2007    Page 2 of 5

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 17592                    Page 2 of 5

accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
HN3 A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
HN4 Before initiating a discrimination lawsuit in federal court for a violation of Title VII of the Civil Rights Act of 1964, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). If the EEOC denies or takes no action on the charge, it will notify the charging party. The charging party then has 90 days after receipt of such notice to file a lawsuit in federal court. 42 U.S.C.S. § 2000e-5(f)(1). More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
HN5 In the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the Equal Employment Opportunity Commission mailed it. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > General Overview
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview
Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview
HN6 It is when a plaintiff offers no evidence in support of the bare assertion that he or she did not receive notice, that Fed. R. Civ. P. 6(e), presuming receipt, must be applied. More Like This Headnote

**COUNSEL:** Tas' Shea S. LaFate, Newark, Delaware. Pro Se Plaintiff.

Jennifer C. Jauffret, Esquire and Kelly A. Green, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware. Attorneys for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION: MEMORANDUM OPINION**

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is the Motion To Dismiss filed by Hospital Billing & Collections, Service, Ltd. ("HBCS"). (D.I. 8.) For the reasons discussed, the Court will deny the Motion.

**BACKGROUND**

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 17592

Case 1:06-cv-00566-JJF   Document 12-5   Filed 04/16/2007   Page 3 of 5

Page 3 of 5

Plaintiff initiated the instant lawsuit alleging that HBCS wrongfully discharged her from employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964. (D.I. 2.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), and the EEOC denied Plaintiff's charge on May 7, 2003. n1 On October 28, 2003, Plaintiff filed the instant lawsuit.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Although Plaintiff did not attach the EEOC's letter of dismissal and notice of right-to-sue letter (the "notice of right-to-sue") to the Complaint (as Plaintiff contends it was never mailed to her), the Court will rely upon the dates provided in the notice of right-to-sue in the instant motion without converting the same to a motion for summary judgment because the notice of right-to-sue is a "document integral to or explicitly relied upon in the complaint." See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (inner quotations omitted).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*2]

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts "must accept as true the factual allegations in the [c]omplaint and all reasonable inferences that can be drawn therefrom." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). A court will grant a motion to dismiss only when it appears that a plaintiff could prove no set of facts that would entitle him or her to relief. Id.

## DISCUSSION

### I. Parties' Contentions

HBCS contends that the Court should dismiss the Complaint because it was not filed within ninety days of the date Plaintiff is presumed to have received the notice of right-to-sue from the EEOC. HBCS contends that established precedent requires the Court to presume that Plaintiff received the notice of right-to-sue within three days of its mailing. HBCS also contends that there are no grounds for equitable tolling in this case.

Plaintiff responds that, although she lived at the address listed on the notice of right-to-sue, she never received [*3] it. As such, Plaintiff contends that it was impossible for her to know that the ninety day limitation period had begun. Further, Plaintiff contends that she contacted the EEOC about the status of her charge of discrimination but that the EEOC was not helpful.

### II. Decision

Before initiating a discrimination lawsuit in federal court for a violation of Title VII, a plaintiff must file a charge of discrimination with the EEOC. If the EEOC denies or takes no action on the charge, it will notify the charging party. The charging party then has ninety days after receipt of such notice to file a lawsuit in federal court. 42 U.S.C. § 2000e-5(f)(1). In this case, HBCS contends that the Court should apply precedent providing that a party is presumed to have received a notice of right-to-sue three days after it is mailed by the EEOC.

Case 1:06-cv-00566-JJF   Document 12-5   Filed 04/16/2007   Page 4 of 5

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 17592    Page 4 of 5

After review of the parties' submissions and the applicable legal principles, the Court will deny HBCS's Motion. The cases relied on by HBCS for the principle that courts presume a plaintiff to have received his or her notice of right-to-sue from the EEOC do not compel dismissal at this stage of the proceedings. Unlike the plaintiffs [*4] in Seitzinger v. Reading Hospital and Medical Ctr., 165 F.3d 236 (3d Cir. 1999), Garrison v. Town of Bethany Beach, 131 F. Supp. 2d 585 (D. Del. 2001), and Arots v. Salesianum Sen., Inc., 2003 U.S. Dist. LEXIS 10171, 2003 WL 21398017 (D. Del. June 16, 2003), in this case, Plaintiff has not had the opportunity to rebut HBCS's assertion that she received her notice of right-to-sue from the EEOC. The courts in Seitzinger, Garrison, and Arots, granted dismissal for violating the ninety day limitation period of Section 2000e-5(f)(1) at the summary judgment stage. In this case, by contrast, HBCS moves for a Rule 12(b)(6) dismissal, and therefore, the Court must accept as true Plaintiff's allegation in the Complaint that she "never received a right-to-sue letter" from the EEOC. (D.I. 2.) Accordingly, the Court cannot conclude that Plaintiff had notice from the EEOC and that she failed to file the instant lawsuit until after the limitations period had expired. See Khazzaka v. Univ. of Scranton, 2001 WL 1262320, at *2 (M.D. Pa. Oct. 22, 2001).

The Court concludes that Plaintiff should be given the opportunity to provide evidence sufficient to [*5] rebut HBCS's contention that she did not comply with the statute of limitations in this case, see Seitzinger, 165 F.3d at 238-39 (providing that "in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it")(emphasis added)(citations omitted); Garrison, 131 F. Supp. 2d at 588-89 (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996)); Arots, 2003 U.S. DIst. LEXIS 10171, 2003 WL 21398017 at *2 (stating that "it is when a plaintiff "offers no evidence in support of the bare assertion [that he or she did not receive notice, that] Rule 6(e), presuming receipt ..., must be applied")(emphasis added), and therefore, the Court will deny HBCS's Motion.

An appropriate Order will be entered.

**ORDER**

At Wilmington, this 1st day of September, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Motion To Dismiss filed by Hospital Billing & Collections, Service, Ltd. (D.I. 8) is **DENIED;**

2) Plaintiff and counsel for Defendant shall confer and submit a proposed Rule 16 Scheduling [*6] Order, using the enclosed form of order, within fifteen (15) days from the date of this Order.

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 17592**
View: Full
Date/Time: Thursday, April 12, 2007 - 4:25 PM EDT

* Signal Legend:
 - Warning: Negative treatment is indicated

Case 1:06-cv-00566-JJF    Document 12-5    Filed 04/16/2007    Page 5 of 5

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 17592                    Page 5 of 5

- **Q** - Questioned: Validity questioned by citing refs
- **⚠** - Caution: Possible negative treatment
- **◆** - Positive treatment is indicated
- **A** - Citing Refs. With Analysis Available
- **I** - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.